

SEALED

**FILED**

MAY 20 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

BENJAMIN B. WAGNER
United States Attorney
TODD PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2766
Facsimile: (916) 554-2900

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING CELLULAR TELEPHONES ASSIGNED TELEPHONE NUMBERS: (424) 230-9170, (818) 849-2254, (619) 341-8252, (323) 427-4532, (323) 480-6522 | 2:13 - SW - 349 AC<br><br>CASE NO. 2:13-SW-<br><br>ORDER<br><br>**UNDER SEAL** |

This matter came before the Court on an application by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) to ascertain the physical location of the following cellular telephones: of (1) the cellular telephone assigned Telephone Number: (424) 230-9170, Subscriber: "Diana Ontiveros", 14163 Raven St, Sylmar, California, believed to be in possession of an unidentified female, a member of a drug trafficking organization, with service provided by Sprint, hereinafter (**TELEPHONE #23**); (2) the cellular telephone assigned Telephone Number: (818) 849-2254, Subscriber: "Luis Sanchez", 5811 Tijunga Ave, North Hollywood, California, believed to be in possession of an unidentified male, a member of a drug trafficking organization, with service provided by Sprint, hereinafter (**TELEPHONE #24**); (3) the cellular telephone assigned Telephone Number: (619) 341-8252, Subscriber: "Juan Lopez", 1879 Logan Ave, San Diego, California, believed to be in possession of an unidentified male, a member of a drug trafficking organization, with service provided by Sprint, hereinafter (**TELEPHONE #25**); (4) the cellular telephone assigned Telephone Number:

1

1    (323) 427-4532, Subscriber: "Carlos Garcia", 8990 Menlo Ave, Los Angeles, California, believed to be

2    in possession of an unidentified male, a member of a drug trafficking organization, with service

3    provided by Sprint, hereinafter (**TELEPHONE #26**); (5) the cellular telephone assigned Telephone

4    Number: (323) 480-6522, Subscriber: Unknown, believed to be in possession of an unidentified male, a

5    member of a drug trafficking organization, with service provided by Sprint, hereinafter (**TELEPHONE**

6    **#27**); including but not limited to E-911 Phase II data (or other precise location information) concerning

7    **TELEPHONES #23-27** (the "Requested Information")[2] for a period of 30 days.

8        The Court finds that there is probable cause to believe that the Requested Information will

9    constitute or lead to evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846,

10    among other offenses, as well as to the identification of individuals who are engaged in the commission

11    of these offenses.  The Court also finds that there is reasonable cause to believe that providing

12    immediate notification of the execution of the warrant may seriously jeopardize an ongoing

13    investigation.  Furthermore, the execution of this warrant will not result in the seizure of any tangible

14    property or any wire or electronic communication (as defined in 18 U.S.C. § 2510).  To the extent that

15    the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly

16    authorized by 18 U.S.C. § 2703(c)(1)(A).

17        IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.

18    § 2703(c)(1)(A)that agents of DEA, beginning at any time within ten (10) days of the date of this Order

19    and for a period not to exceed 30 days, may obtain the Requested Information for **TELEPHONES #23-**

20    **#27,** with said authority to extend to any time of the day or night as required, including when

21    **TELEPHONES #23-#27** leaves the Eastern District of California; all of said authority being expressly

22    limited to ascertaining the physical location of **TELEPHONE #23-#27**, and expressly excluding the

23    contents of any communications conducted by the user(s) of **TELEPHONES #23-#27**.

24

25

26    [2]Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET CELL PHONE at the start and end of any call.  In requesting cell site information, the Government does not concede that such cell site records – routinely

27    retained by wireless carriers as business records – may only be obtained via a warrant issued on probable case.  See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective

28    acquisition of cell-site records under combined authority of 18 U.S.C. 2703 (d) & 3121 et seq.).

1    It is further ORDERED that Sprint, the service provider for **TELEPHONE #23-#27**, assist

2    agents of the DEA by providing all information, facilities, and technical assistance needed to ascertain

3    the Requested Information, including initiating a signal to determine the location of the subject's mobile

4    device on Sprint's network (or any networks it services or with which it has service contracts) or with

5    such other reference points as may be reasonably available and at such intervals and times as directed by

6    the law enforcement agent serving the order, and furnish the technical assistance necessary to

7    accomplish the acquisition unobtrusively and with a minimum of interference with such services as

8    Sprint accords the user(s) of **TELEPHONES #23-#27.**

9    It is further ORDERED that the DEA compensate Sprint for reasonable expenses incurred in

10   complying with any such request.

11   It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in

12   support thereof, as they reveal an ongoing investigation, be sealed until further Order of the Court in

13   order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety

14   of agents and others, except that copies of the Court's Order in full or redacted form may be maintained

15   by the United States Attorney's Office, and may be served on Special Agents and other investigative and

16   law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and

17   other government and contract personnel acting under the supervision of such investigative or law

18   enforcement officers, and Sprint's necessary to effectuate the Court's Order.

19   It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days

20   after the termination of the monitoring period authorized by the warrant.

21   It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal

22   Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the

23   monitoring period authorized by the warrant or any extension thereof.

24   It is further ORDERED that Sprint, its affiliates, officers, employees, and agents not disclose the

25   Court's Order or the underlying investigation, until notice is given as provided above.

26

27   DATED:  5/20/13

28                                    HONORABLE ALLISON CLAIRE
                                      UNITED STATES MAGISTRATE JUDGE

3